LESTER J. SALVATOR, Plaintiff-Appellee, v. ADMIRAL MERCHANT'S MOTOR FREIGHT, d/b/a Transcontinental Express, a Division of Jack-Cole Dixie Highway Company, Defendant-Appellant (Wilfred R. Bolish, Appellant).

Fourth District   No. 4—88—0318

Opinion filed November 3, 1988.

Michael E. Dowd and Joel S. Ostrow, both of Dowd & Dowd, Ltd., of Chicago, for appellants.

Fellheimer, Travers & Luckman, Ltd., of Pontiac (Robert M. Travers, of counsel), for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Appellant Wilfred R. Bolish (Bolish) was found in contempt of court for his failure to appear before the trial court a third time pursuant to a supplementary proceeding commenced by plaintiff Lester J. Salvator (Salvator). The trial court issued a warrant for the arrest of Bolish. Defendant Admiral Merchant's Motor Freight (Admiral) and Bolish, accountant for Admiral and a Minnesota resident, appeal from the order of the circuit court of Livingston County, arguing that the trial court did not have *in personam* jurisdiction over Bolish in the supplementary proceeding and thus was without the power to issue a contempt order against Bolish.

On May 19, 1986, a judgment was entered in the circuit court of Livingston County for Salvator on an action he brought against Admiral. Admiral appealed to this court, which affirmed the circuit court's judgment on June 22, 1987. (*Salvator v. Admiral Merchants Motor Freight* (1987), 156 Ill. App. 3d 930, 509 N.E.2d 1349.) The judgment remained unsatisfied at the close of 1987. Therefore, the trial court ordered a citation to discover assets directed to "Bill Bolish, Admiral Merchants Motor Freight," on December 31, 1987. The citation commanded Bolish to appear before the trial court on January 22, 1988. Bolish did not appear at the January 22, 1988, hearing. However, an attorney for defendant Admiral entered a special limited appearance, which the trial court overruled.

A second citation to discover assets was issued on January 26, 1988, commanding Bolish to appear before the trial court on March 11, 1988. The date for this hearing was amended to March 22, 1988. Bolish failed to appear at the hearing for the second citation to discover assets; thus, the trial court issued an order commanding Bolish to appear before it on April 22, 1988, to show cause as to why he should not be adjudged of and punished for contempt of the circuit

court of Livingston County.

While plaintiff was seeking the appearance of Bolish in Illinois, counsel for plaintiff in Minnesota sought the deposition of any officer of Admiral. The district court of Hennepin County, Minnesota, issued a subpoena on March 1, to "any officer of Admiral Merchant's *et al.*" to appear for deposition on April 12 in Minneapolis. Likewise, on March 1, plaintiff's Minnesota counsel sent a demand for production of documents to any officer of Admiral.

Letters sent by Admiral's Minnesota counsel to the trial court dated April 20, 1988, and to the trial court by Admiral's executive vice-president dated April 26, 1988, indicate that Bolish appeared for the deposition and was deposed. In the letter from Admiral's Minnesota counsel, the attorney argued that the assets of Admiral had been discovered through Minnesota procedure and that the Illinois proceedings were "moot."

Returning to the Illinois proceedings, Bolish failed to appear before the trial court on April 22 to show cause why he should not be held in contempt of court. This was the third instance where Bolish failed to attend a hearing before the trial court after it had ordered Bolish's appearance. That same day, April 22, the trial court issued a warrant of arrest of "William R. Bolish, a/k/a Wilfred R. Bolish c/o Admiral." Bond was set at $50,000 without the application of 10% bond.

After the warrant of arrest was issued, the executive vice-president of Admiral wrote a letter to the trial judge asking him to reconsider his issuance of the warrant of Bolish's arrest. The trial judge did not respond to this letter.

Admiral and Bolish filed a notice of appeal from the order entered by the trial court which found Bolish in contempt of court. Defendant Admiral motioned this court for stay of the order of the trial court issuing a warrant for the arrest. This court allowed the motion for the stay of the arrest warrant pending appeal, conditioned upon the filing of an appearance bond in the amount of $50,000 with the circuit court of Livingston County.

We are faced here with the question of whether the trial court had jurisdiction over an employee-officer, a nonresident of Illinois, of a foreign corporation which is subject to Illinois jurisdiction. Section 9 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, §9) gives the circuit courts original jurisdiction over actions in Illinois. Once a circuit court gives a judgment, the judgment creditor is entitled to commence supplementary proceedings against the judgment debtor or any other person to discover assets or income of the debtor

which can be used to enforce the judgment, under section 2—1402(a) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402(a)). A supplementary proceeding is commenced by service of a citation by the court's clerk, as provided in section 2—1402(a) of the Code. Furthermore, section 2—1402(d)(1) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402(d)(1)) gives the circuit court the power to punish any party who violates a citation as in contempt of court. Because the trial court found Bolish in contempt of court, we must discuss the law governing contempt orders.

■■ A contempt proceeding is an original proceeding independent of the case from which the contempt arises. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 172, 429 N.E.2d 483, 486; *People v. Draves* (1986), 149 Ill. App. 3d 657, 500 N.E.2d 1072, 1073.) In *R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 489 N.E.2d 1360, our supreme court held that a judgment, order, or decree entered by a court that lacks jurisdiction of the parties is void and may be attacked at any time, even after a default judgment is entered. Furthermore, our sister appellate court, in a case where the trial court ordered a college chancellor to refrain from using school funds for a private group's activities, held that a judgment of contempt cannot be sustained on review if the violated order that led to the finding of contempt was void. (*Jenner v. Wissore* (1988), 164 Ill. App. 3d 259, 517 N.E.2d 1220.) The court explained that an order is void where a court lacks subject-matter or personal jurisdiction or was without power to decide the matter presented to it. (*Jenner*, 164 Ill. App. 3d at 266, 517 N.E.2d at 1224.) The parties on this appeal disagree over the existence of one of the important prerequisites the trial court must meet before it can issue a contempt order, *in personam* jurisdiction in Illinois over Bolish. If the trial court did not have *in personam* jurisdiction over Bolish, the contempt order it issued is void.

■■ Plaintiff cites the Illinois Constitution, the Code, and several supreme court rules to argue that the circuit court has *in personam* jurisdiction over Bolish. Supreme Court Rule 277(c)(3) (107 Ill. 2d R. 277(c)(3)) states that a citation shall require the party to whom it is directed to appear for examination, or if directed to a corporation or partnership, then a designated officer or partner thereof must appear for examination. Supreme Court Rule 277(d) (107 Ill. 2d R. 277(d)) continues by stating that the citation may be commenced in the court in which the judgment was entered, but if the cited party does not reside, carry on employment, or transact any business in Illinois, the proceeding may be commenced in any county in the State. In addi-

tion, Supreme Court Rule 277(e) (107 Ill. 2d R. 277(e)) allows any interested party to subpoena witnesses and adduce evidence as upon the trial of any civil action. These rules show that subject matter jurisdiction exists in this case, but are not conclusive concerning *in personam* jurisdiction.

Plaintiff Salvator also states that personal jurisdiction over Bolish exists because he is a chief accountant for Admiral, which was under Illinois jurisdiction in the original proceeding. Plaintiff does not cite any authority to support this contention other than Supreme Court Rule 237 (107 Ill. 2d R. 237) by analogy in oral argument. Rule 237 concerns compelling the appearance of witnesses at trial. Rule 237(b) (107 Ill. 2d R. 237(b)) states that a person who at the time of trial is an officer, director, or employee of a party may be required to appear at the trial if served with notice. The use of Rule 237 in the present case would be tenuous because Supreme Court Rule 277 (107 Ill. 2d R. 277) delineates the procedure to be used for supplementary proceedings. United States Supreme Court and Illinois Appellate Court decisions clearly establish that plaintiff's statement that *in personam* jurisdiction over Bolish in Illinois exists because he is a chief accountant for Admiral is not a correct statement of the law.

The United States Supreme Court has given clear guidelines to determine whether *in personam* jurisdiction exists over a nonresident in a forum State. In *Kulko v. Superior Court of California* (1978), 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690, the Court found no personal jurisdiction in California over a nonresident, nondomiciliary father who had permitted his daughter to live in California with her mother while he sent child support from New York. The Court reasoned that the father did not purposefully avail himself of any commerce or personal benefit from California, thus under the due process clause of the fourteenth amendment he could not be made a defendant in California. Furthermore, in *Calder v. Jones* (1984), 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482, the Supreme Court delineated the test for whether a forum State has personal jurisdiction of employees whose corporation is subject to personal jurisdiction of the forum State.

In *Calder*, the *National Enquirer* distributed throughout the country a story written in Florida about a national celebrity residing in California. The Supreme Court found that *in personam* jurisdiction over the author of the article existed in California. The Court stated that when determining whether a corporation's employee can be submitted to a foreign State's jurisdiction, contacts with the foreign State are not to be judged according to their employer's activities

there. But, status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the foreign State must be assessed individually. The Court stated that its ruling in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, and the requirement given there for personal jurisdiction must be met for each defendant. This requirement is that certain minimum contacts must exist between the defendant and the foreign State, which are determined by looking to the relationship among the defendant, the forum, and the litigation involved.

Several Illinois Appellate Court decisions provide further clarity concerning personal jurisdiction of employees whose corporation is subject to Illinois jurisdiction. In *O'Connell v. Pharamco, Inc.* (1986), 143 Ill. App. 3d 1061, 493 N.E.2d 1175, this court found the trial court had personal jurisdiction over a corporate president in a citation proceeding. We concluded that personal jurisdiction will exist over a corporate officer of a corporate judgment debtor in a citation proceeding if the corporate officer was entangled to a sufficient degree in the underlying litigation from which the citation proceeding arose. Bolish argues that he played no part in the underlying litigation or the incident from which it arose, and therefore the trial court did not have *in personam* jurisdiction over him. According to the record, Bolish was considered a corporate officer by Admiral. It does not appear, nor does plaintiff allege, that Bolish was entangled to any degree in the underlying litigation.

Our sister appellate court recently decided a case concerning *in personam* jurisdiction of a corporate president whose corporation was subject to Illinois jurisdiction. In *Olinski v. Duce* (1987), 155 Ill. App. 3d 441, 508 N.E.2d 398, the president, who was also a shareholder and salesman, of a Texas company that manufactured a defective amusement park bumper car that caused injury in Illinois was found not to be subject to *in personam* jurisdiction in Illinois. *In personam* jurisdiction did not exist merely because the corporate president, who did not participate in the solicitation or installation of the bumper car in Illinois, held the positions of president, shareholder, or member of the board of directors or because the president's corporation was subject to Illinois jurisdiction. The court concluded that personal jurisdiction over the individual defendant must be determined under the Illinois long arm statute. This ruling followed two previous Illinois Appellate Court decisions, *Illinois National Bank & Trust Co. v. Gulf States Energy Corp.* (1981), 102 Ill. App. 3d 1113, 429 N.E.2d 1301, and *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 383 N.E.2d 1379.

The Illinois long arm statute provides that any person or his or her personal representative, resident or nonresident, is submitted to jurisdiction in Illinois for any cause of action arising from the transaction of any business in Illinois; the commission of a tortious act in Illinois; ownership, use or possession of any real estate situated in Illinois; contracting to insure any person, property, or risk located in Illinois at the time of contract; maintenance in Illinois of a matrimonial domicile at the time the cause of action arose; or commission in Illinois of any act giving rise to the cause of action. Ill. Rev. Stat. 1987, ch. 110, par. 2—209.

Our supreme court has stated that a two-step analysis is required when jurisdiction is alleged under the long arm statute. The first step is to determine whether jurisdiction is proper under the statute. If jurisdiction is proper under the statute, the second step is to determine whether jurisdiction is permissible under the due process clause. (*Wiles v. Morita Iron Works Co.* (1988), 125 Ill. 2d 144.) The record does not reflect any participation by Bolish in the underlying litigation or in the matter from which the litigation arose, other than possibly his normal tasks as an accountant. Thus, jurisdiction over Bolish in Illinois cannot be predicated under our long arm statute and a due process analysis is unnecessary.

■ Plaintiff's final argument on appeal is that Bolish waived his opportunity to be heard when he did not respond to the citation to discover assets. Plaintiff cites *Feldman v. Board of Trustees* (1982), 108 Ill. App. 3d 1127, 1134, 440 N.E.2d 147, 152, for the general rule that a person claiming invasion of his or her constitutional rights has a duty to raise the objection at the earliest fair opportunity, and failure to do so waives the right. Plaintiff further cites *Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 783, 373 N.E.2d 1007, 1013, for the rule that due process of law is not denied when a party fails to avail itself of the opportunity to be heard after it is offered and therefore waives the opportunity to be heard. While plaintiff states the general rules correctly, our supreme court held in *Sawant* that a judgment, order, or decree entered by a court which lacks jurisdiction of the parties is void and may be attacked at any time, even after a default judgment. Thus, Bolish did not waive his right to argue a lack of *in personam* jurisdiction by not raising the argument in the trial court when he was first ordered to appear in Illinois.

In summary, plaintiff's statement that *in personam* jurisdiction over Bolish in Illinois exists because he is a chief accountant for Admiral is not correct. Under *O'Connell, Olinski,* and our long arm statute, *in personam* jurisdiction does not exist and a due process exami-

nation is unnecessary. Accordingly, the contempt order issued by the trial court is void.

The contempt order of the circuit court of Livingston County must be reversed.

Reversed.

GREEN, P.J., and McCULLOUGH, J., concur.