GEORGE PALMER, Plaintiff-Appellant, v. MYRTIS MINOR, Defendant-Appellee.

First District (6th Division)   No. 1—90—2319

Opinion filed March 28, 1991.

Benjamin & Shapiro, Ltd., of Chicago (Fred I. Benjamin and Laurence M. Landsman, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Michael Resis and Linda L. Stinauer, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, George Palmer, appeals from an order of the trial court granting summary judgment in favor of defendant and barring his witness, Reba Shavers, from testifying as a sanction pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)). The trial court also found that Shavers was a person "directly interested in the action" under the Dead Man's Act (Ill. Rev. Stat. 1989, ch. 110, par. 8—201), and thus barred her as a witness under that act.

On April 20, 1988, plaintiff filed this complaint against Myrtis Minor, as executrix of the estate of Quincy Boles, deceased, seeking $15,000 in damages arising out of an intersectional automobile accident that occurred in Chicago. Plaintiff was the driver of one automobile while the deceased drove the other vehicle. Defendant filed an answer to the complaint denying all allegations of negligence.

In answer to defendant's first set of interrogatories filed on June 5, 1989, plaintiff identified Sadie Haywood and Michael Pamphlet as occurrence witnesses, in addition to the parties. On January 24, 1990, defendant served supplemental interrogatories which remained unanswered at the time trial was to begin on April 3, 1990. These interrogatories also asked for the names of occurrence witnesses. On April 3, the trial court granted defendant's motion to bar the testimony of the previously disclosed occurrence witnesses, Haywood and Pamphlet, and plaintiff does not dispute the propriety of that order. (Nor does plaintiff challenge the fact that under the Dead Man's Act he may not testify at trial.)

At the hearing on April 3, plaintiff's counsel for the first time orally disclosed the name of Reba Shavers as an occurrence witness. Plaintiff had not identified her as a witness either in his answers to interrogatories or at his discovery deposition. Plaintiff's counsel subsequently filed an affidavit stating that on March 28, 1990, plaintiff came to his office to sign his answers to the supplemental interrogatories. At that time, counsel first became aware of Shavers as an occurrence witness. Counsel's affidavit further recited that he drafted answers to the supplemental interrogatories naming Shavers as a witness, but due to a clerical error the answers were not typed and thus were not filed with the court or mailed to opposing counsel. Over defendant's objection, Judge Ian Levin ordered the deposition of Shavers to take place and continued the trial to May 31, 1990.

At Shavers' deposition, it was disclosed that she and plaintiff lived together and that while they were not married, she was the mother of his child. Shavers also testified as follows:

"Q. How is it that you became aware that a lawsuit was pending because of this accident?

A. Well, George asked if I had, you know, saw [sic] the accident and you know, at that time of the accident when he was getting his witnesses together he asked if I'd be available in case, you know, something—the other two weren't, you know, just in case.

Q. When was that?

A. When was it?

Q. Yes.

A. When I spoke to him?

Q. When he asked if you'd be available?

A. That was after the accident.

Q. How long after the accident?

A. Well, this was like when everyone was leaving.

Q. At the time?

A. At the scene when it was clearing up."

On May 31, 1990, the case was continued until the following day. On June 1, defendant asked the present trial judge to bar the testimony of Shavers as a Rule 219(c) violation. After several continuances during which time both sides filed pleadings concerning the issue, on July 18, 1990, the trial court granted defendant's motion to bar Shavers as a witness. On July 19, 1990, the trial judge stated that he granted the motion for the following reasons:

"Failure to disclose Reba Shavers as a witness constitutes a gross violation of Supreme Court Rule 219(c), due to the close relationship of the plaintiff to the witness, the court finds the plaintiff has failed to exercise good faith for the following reasons:

* * *

The witness is known to the plaintiff; the witness is the mother of the plaintiff's child; the witness was present at the scene of the accident at the time of the occurrence; the plaintiff failed to mention Reba Shavers as a witness at the time of his discovery deposition, although he was asked."

The trial court also barred Shavers' testimony on the grounds of the Dead Man's Act. Since Shavers was the only witness who could testify, the court granted summary judgment in favor of defendant.

Plaintiff initially contends on appeal that the trial court abused its discretion in barring Shavers from testifying as a Rule 219(c) sanction. We do not agree.

■ Supreme Court Rule 219(c) provides in pertinent part:

"(c) Failure to Comply with Order or Rules. If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

\* \* \*

(iv) that a witness be barred from testifying concerning that issue." 134 Ill. 2d R. 219(c).

Imposition of any Rule 219(c) sanction is within the sound discretion of the trial judge. *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243; *Trippel v. Lott* (1974), 19 Ill. App. 3d 936, 312 N.E.2d 369; *Carlson v. General Motors Corp.* (1972), 9 Ill. App. 3d 606, 289 N.E.2d 439.

We recognize that in barring Shavers from testifying, the court barred plaintiff's only testifying witness. However, in view of plaintiff's gross violation of the rule, the record fully supports that disposition. Plaintiff maintains that under the holding of *Blakely v. Johnson* (1976), 37 Ill. App. 3d 112, 345 N.E.2d 814, the trial court must look to several factors to determine whether and which sanction should be imposed: (1) surprise of the testimony to the opposing party; (2) the prejudicial effect of the testimony; (3) the diligence of the opposing party in seeking discovery; (4) timely objection to the testimony; and (5) good faith of the party calling the witness. Yet, in our view, the presence or absence of the above factors either separately or together fails to demonstrate an abuse of discretion on the part of the judge in this case.

Plaintiff had a close relationship with Shavers. They lived together; she was the mother of his child; she was present at the scene of the accident; plaintiff knew that Shavers was a witness; and indeed they had discussed her role as a witness. Yet despite all these facts, plaintiff deliberately and repeatedly withheld the identity of Shavers as a witness. Plaintiff failed to disclose her name in his sworn answers to interrogatories. At his discovery deposition, plaintiff insisted that there were only two witnesses, persons whom he did not know prior to the accident. It was only on the day scheduled for the commencement of trial, after the judge barred the use of the two witnesses he had disclosed, that plaintiff revealed the name of Shavers as a witness. And to compound all the foregoing concealment, it is undisputed that plaintiff informed Shavers she would be a "spare" witness,

apparently only to be used in an emergency. It is difficult to imagine how there could be a more gross violation of the rule than that perpetrated by plaintiff here.

 We acknowledge that barring a witness from testifying is a drastic sanction and should be exercised sparingly. That is particularly true when the witness barred is a party's only witness. Nevertheless, we find that under the circumstances before us, the trial judge exercised an appropriate sanction.

In view of our holding, it is unnecessary to consider the propriety of the court's ruling that Shavers should be barred from testifying as a "party directly interested in the action" under the Dead Man's Act.

Since Reba Shavers was the only witness available to plaintiff, the trial court properly granted summary judgment in favor of defendant.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and LaPORTA, JJ., concur.