OPAL JOHNSON, Indiv. and as Special Adm'r for the Estate of William Johnson, Deceased, Plaintiff-Appellee, v. OWENS-CORNING FIBERGLAS CORPORATION, Defendant-Appellant (Brakegate, Ltd., *et al.*, Defendants).

Fourth District   No. 4—92—0175

Opinion filed August 27, 1992.

Robert L. Martier, of Baker & Martier, of Chicago, and Donald Francis Donovan and Geoffrey H. Coll, both of Debevoise & Plimpton, of New York, New York, for appellant.

James Walker, Ltd., of Bloomington, for appellee.

JUSTICE COOK delivered the opinion of the court:

Owens-Corning Fiberglas Corporation (OCF or defendant) appeals the default judgment entered against it for noncompliance with a Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)) notice, compelling it to produce its medical director and a member of its board of directors as witnesses at trial; the judgment entered against it; and the order denying its motion for post-trial relief. Defendant argues (1) the trial court lacked authority under Rule 237(b) to sanction it for failing to produce witnesses who are not individually subject to Illinois process; (2) the sanctions entered against it exceeded the permissible scope of Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)); and (3) the trial court erred in giving a negative inference instruction. We affirm.

On September 19, 1989, plaintiff, in her individual capacity and as special administrator of the estate of William Johnson, deceased, filed a 12-count complaint in the circuit court of McLean County against defendant OCF, and other defendants not parties to this appeal, seek-

ing damages for injuries sustained due to the death of decedent. All defendants, except OCF, were dismissed as parties or default judgments were entered against them before trial. Counts V through XII of the complaint were directed at OCF. These counts alleged various theories of recovery including civil conspiracy (counts V and VI), murder (counts VII and X), intentional or fraudulent misrepresentation (counts VIII and XI), and battery (counts IX and XII). All counts, except count IX, were dismissed before trial.

Decedent was employed from 1951 to 1977 at the Bloomington, Illinois, plant of Unarco Industries, Inc., which OCF purchased in April 1970. Decedent died on November 27, 1987. The death certificate indicated the cause of death was "chronic respiratory insufficiency," "restrictive lung disease," and "pulmonary asbestosis." Decedent also suffered from "chronic renal failure," a condition cited as contributing to his death but not related to the cause of death. An autopsy performed on decedent after the death certificate was signed disclosed decedent also had lung cancer.

The remaining count against defendant alleged that it committed a battery against decedent by intentionally causing his death by exposing him to asbestos. Plaintiff claimed decedent was exposed to asbestos while he worked at the plant and, as a result of his exposure, contracted asbestosis and lung cancer. She further averred that defendant knew exposure to asbestos caused asbestosis and malignancies, and it knew decedent would be exposed to asbestos and would die as a result. She also stated defendant's purpose was to operate the plant using asbestos and asbestos products, and in doing so, defendant intended to cause great bodily harm to decedent. She contended defendant's intentional conduct was the proximate cause of decedent's death.

On October 15, 1991, plaintiff filed a request, pursuant to Rule 237(b) (134 Ill. 2d R. 237(b)), that defendant produce Dr. Jon Konzen, medical director of defendant; W.W. Boeschenstein, former chairman and chief executive officer of defendant and a current member of its board of directors; and various documents at trial. In response, Konzen and Boeschenstein filed a special and limited appearance and a motion for a protective order, contesting the court's authority to assert personal jurisdiction over them and compel them to travel to Illinois to testify. Defendant concurrently filed a motion to quash plaintiff's Rule 237(b) request insofar as it related to the production of Konzen and Boeschenstein at trial. It argued that plaintiff could not demonstrate good cause sufficient to justify the compelled appearance of these individuals, and the court lacked authority under the Illinois

long-arm statute to compel them to appear. Defendant further argued that Rule 237(b) was unconstitutional on its face and as applied to Konzen and Boeschenstein because it violated due process in that it sought to compel the attendance of nonparty witnesses not subject to the jurisdiction of Illinois.

In response, plaintiff filed a motion to strike the special and limited appearance and motion for a protective order. The court subsequently struck the special and limited appearance and ordered defendant to produce the witnesses. The court agreed that it did not have the authority to compel them to come to Illinois to testify but that any "coercion" upon them to appear was the "economic coercion of [defendant]" and the desire to have their testimony heard in court. It further agreed due process applied to Rule 237(b), but determined no violation of due process occurred because the request was directed at defendant, over which the court had jurisdiction. The court also denied defendant's motion to quash.

In light of these rulings, defendant sought leave to file an interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), which the circuit court denied. The defendant then moved to stay the proceedings pending the filing of a petition for leave to file a complaint for writ of *mandamus* for a supervisory order in the Illinois Supreme Court. The circuit court also denied this motion. On November 4, 1991, defendant filed with the Illinois Supreme Court a motion for leave to file a complaint for an order of *mandamus* or prohibition, or in the alternative, for a supervisory order and an emergency motion for stay of proceedings pending disposition of defendant's motion. The supreme court denied defendant's emergency motion on November 5, 1991. (*Konzen v. Caisley* (Nov. 5, 1991), No. 72780 (Clerk's order).) The supreme court denied defendant's other motion on December 11, 1991. *Owens-Corning Fiberglas Corp. v. Caisley* (Dec. 11, 1991), No. 72788 (Clerk's order).

At the pretrial hearing on November 7, 1991, defendant moved the circuit court to stay the trial pending a hearing upon its petitions in the supreme court. The court denied the motion. Defense counsel then advised the court that Konzen and Boeschenstein would not be appearing. Plaintiff moved to strike defendant's pleading and for entry of default judgment as a sanction for noncompliance with the Rule 237(b) notice, leaving only the issue of damages for the jury to determine. In support plaintiff stated that if Konzen were there he would testify, *inter alia*, that (1) he became medical director of defendant in 1968; (2) he was asked to evaluate the Bloomington plant before defendant purchased it regarding asbestos; (3) he made an investiga-

tion of the plant after it was purchased and from the inspection determined that the amount of airborne asbestos in the plant was unacceptable; (4) he hired an industrial engineer to study the plant, and the study stated that " '[t]his plant [was] grossly deficient. The industrial hygiene is totally inadequate. The airborne asbestos levels are excessive and certain to cause disease' "; (5) he made numerous trips to the plant until 1972, when asbestos was no longer used as an ingredient in the plant's processes; (6) he knew asbestos levels in the plant' would cause disease and that the workers did not know that the level of asbestos to which they were exposed would cause disease; (7) he evaluated the health of decedent, and the evaluation showed decedent had asbestosis; (8) he knew no one told decedent that defendant knew he had asbestosis; and (9) the asbestos to which defendant exposed decedent caused decedent's lung cancer.

Plaintiff further asserted that Boeschenstein would testify as follows: (1) as of 1970, he was senior vice-president of defendant; (2) he had knowledge defendant used asbestos in its products, and these products caused disease in the plant and in people using them; (3) Konzen told him the condition at the plant was certain to cause disease, but defendant decided to continue to operate the plant in the same manner, knowing the workers did not know the risk to which they were exposed; and (4) he was involved in evaluating the recommendations Konzen made for further improvements at the plant, but these improvements were not made and the level of airborne asbestos was even in excess of those which the government and defendant knew would cause lung cancer.

Defendant denied that either person would make these statements. It argued that plaintiff had no basis to link Konzen to causation issues and suggested that if the court were going to issue a sanction the sanction be limited to the issue of its liability. The court ordered defendant's answer stricken, that a default judgment be entered, and that the case be tried only on the issue of damages. In so ruling, the court determined that it was due to the willfulness of defendant that Konzen and Boeschenstein did not appear, and, therefore, it was not unreasonable for the court to enter the sanctions that it did.

On November 12, 1991, plaintiff moved to bar defendant's expert witness, Harry Demopolous, from testifying. Plaintiff contended that the only disclosed opinion Demopolous held was that "[decedent] did not die from a disease which can be reasonably related to any alleged exposure to asbestos while employed by [defendant]." Plaintiff maintained this opinion was irrelevant to any issue before the jury, since it

was no longer disputed that defendant was liable for the death of decedent. Plaintiff also argued that she was being deprived of the chance to demonstrate through Konzen's testimony that decedent would have lived for a long time. Defendant argued Demopolous' testimony was relevant not to the issue of causation, but to decedent's life expectancy for the purpose of determining damages.

Plaintiff also filed a motion *in limine* asking that the court preclude defendant from communicating to the jury that someone or something other than the wrongful conduct of the defendant was the cause of death of decedent and from communicating any measure of the effect of the asbestos or any other condition upon decedent's health or life expectancy. The court allowed the motion *in limine* and also allowed plaintiff's motion to exclude the testimony of Demopolous in part. The court held that Demopolous was permitted to testify only to diseases—other than those of the lung—which would reduce decedent's life expectancy.

The trial proceeded on the issue of damages, and Dr. Harry Demopolous testified regarding the extent to which decedent's renal failure may have reduced his life expectancy. To rebut this testimony, plaintiff wished to call Konzen. Outside the presence of the jury, plaintiff called Konzen as a rebuttal witness, and defendant responded that he would not be available. In order to provide a basis for her argument that a negative inference could be drawn from Konzen's refusal to appear, plaintiff requested that defendant stipulate to several things. Defendant agreed to stipulate that Konzen was the medical director of defendant but refused to stipulate that he had any information regarding the issue of damages. Since defendant refused to stipulate to all that plaintiff wanted, she stated she would make an offer of proof to lay a foundation for the court to give a negative inference instruction and for the jury to draw certain inferences. Plaintiff also requested the court to strike Demopolous' testimony since defendant precluded her from rebutting it with Konzen's. The court denied the request.

When the trial resumed the following day, plaintiff again requested that defendant produce Konzen so she could make her offer of proof in "question and answer form." Defendant replied that it was not going to produce Konzen and that plaintiff had failed to demonstrate Konzen had any knowledge relating to decedent's renal failure or his life expectancy. Plaintiff then made the following offer of proof, stating that Konzen would testify as follows: (1) he became the corporate medical director of OCF in 1968; (2) he became involved in a program of providing annual physical examinations for the employ-

ees at the Bloomington plant; (3) decedent's first examination as defendant's employee took place in 1970 by Dr. McNeely, and the reports of this examination were given to him; (4) McNeely and he determined that a further examination should be made of decedent, and those results were reported to him; (5) he was required to analyze the results of these annual physicals, and he did analyze and evaluate the results of decedent's physicals administered from 1970 through 1977; (6) he analyzed and evaluated the health of decedent as a part of his job; (7) he made evaluations of legal claims against defendant, including claims arising out of asbestosis, and has made such an evaluation of this case; (8) decedent sustained lung cancer as a result of his exposure to asbestos during the time he worked for defendant; (9) his lung cancer was the cause of his death and his renal failure; (10) he is familiar with the treatment of renal failure and that individuals such as decedent, who responded well to dialysis, could be expected to live a long time when treatment is continued; and (11) the reason decedent died when he did was that his body was "overburdened by, among other things, the lung cancer and the effect that [it] had on the entirety of his body, including his renal disorder."

Defendant objected to the offer of proof; the court ordered it received and recorded as part of the evidence in the case, but sustained the objection, and ordered that it not be submitted to the jury. In light of the court's ruling, plaintiff requested that the court reconsider its ruling refusing to strike Demopolous' testimony. The court again declined to strike this testimony.

Therefore the only evidence plaintiff presented in rebuttal was a stipulation which the court read to the jury and was included as plaintiff's instruction No. 9. It stated: "Dr. Jon Konzen is currently the corporate medical director of [defendant]. He is in good health, and he is capable of traveling to Bloomington, Illinois[,] to testify. Defendant has refused to produce Dr. Konzen to testify in this case." No evidence was submitted in surrebuttal, and the instruction conference resumed. At the instruction conference, the court, over the objection of defendant, granted plaintiff's request that a "negative inference" instruction be given to the jury relating to the absence of Konzen.

The jury subsequently returned a verdict for plaintiff in the amount of $510,000, and the court entered judgment on the verdict against defendant OCF, and against defendants Brakegate, Ltd.; Cape Industries, PLC; Cape Asbestos Fiber, Ltd.; and EGNEP (Pty) Ltd. On December 23, 1991, defendant filed a post-trial motion for a judgment *n.o.v.*, or in the alternative, for a new trial or a remittitur. On February 4, 1992, the court ruled that Rule 237(b) was not unconstitu-

tional and did not violate the due process clause of the United States and Illinois Constitutions, nor was it unconstitutional as applied to defendant. The court further determined that the sanctions imposed were the only effective remedy for its noncompliance. Accordingly, the post-trial motion was denied. This appeal followed.

We first consider whether, in light of due process principles, the trial court lacked authority under Rule 237(b) to sanction a defendant for failure to produce witnesses not individually subject to Illinois process.

Rule 237(b) provides:

"The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear. The notice also may require the production at the trial of documents or tangible things. If the party or person is a nonresident of the county, the court may order any terms and conditions in connection with his appearance at the trial that are just, including payment of his reasonable expenses. Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." 134 Ill. 2d R. 237(b).

Defendant initially contends that this rule must be read to comport with principles of due process, and it is a violation of those principles to sanction a defendant for its failure to produce witnesses not subject to the personal jurisdiction of the court. Defendant argues that under *Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 565 N.E.2d 1302, the supreme court recognized the "fiduciary shield doctrine" and thereby established that a court could not obtain jurisdiction over an individual on the basis of the individual's status as an employee of a defendant. Defendant further contends that *Salvator v. Admiral Merchant's Motor Freight* (1988), 175 Ill. App. 3d 901, 530 N.E.2d 639, established that a court cannot compel an individual, who was not himself subject to the jurisdiction of a court, to appear as a witness because the court has jurisdiction over his employer. Based on these rulings, defendant maintains that since an individual's status as an employee of a defendant cannot be relied on to compel the individual to appear as a witness, it follows that an individual's employer may not be sanctioned for the individual's failure to appear.

■ In the pending case, the record illustrates that Konzen and Boeschenstein were residents of Ohio; their principal place of business was in Ohio; and they had no personal contacts with Illinois, did not

own property in the State or conduct business here, nor did they appear to have otherwise invoked the benefits and protections of Illinois law. The only association they had with Illinois was within the scope of their employment. The trial court recognized it did not have personal jurisdiction over them. However, this fact is of no avail to defendant. The order in this case was directed to the corporate defendant over which the trial court did have jurisdiction, not Konzen and Boeschenstein personally. This factor distinguishes *Salvator*, in which the order was specifically directed at the employee rather than the corporate defendant.

As long as the order is directed at the corporate defendant rather than the individual employees and directors, principles of due process are not violated, and a court may sanction a corporate defendant for its failure to produce its employees. Ultimately, it is the corporate defendant which forces its employees to submit to the jurisdiction of Illinois, not the court. A court has broad authority over a party for the effective administration of justice, and that authority includes the power to compel a party to produce its employees, officers, and directors at trial. While we realize Rule 237(b) may be subject to abuse, its application is under the control of the trial court and the rule is appropriately employed where, as in this case, there was sufficient evidence to establish its use was intended to elicit probative testimony rather than for harassment. Plaintiff showed good cause. *Oakview New Lenox School District No. 122 v. Ford Motor Co.* (1978), 61 Ill. App. 3d 194, 199, 378 N.E.2d 544, 547-48.

We next consider whether the sanctions entered against defendant for failing to produce the witnesses exceeded the permissible scope of Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)). Upon the failure to comply with a Rule 237(b) notice, a court "may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." (134 Ill. 2d R. 237(b).) In the present case, the court ordered defendant's pleadings stricken and entered default judgment. On the issue of damages, the court restricted defendant to producing evidence relating to health conditions of the decedent, other than those of the lungs, which may have reduced his life expectancy. On appeal, defendant argues the trial court erred in defaulting it on issues relating to causation and damages because it went beyond the scope of the issues to which Konzen and Boeschenstein could have testified.

The imposition of sanctions under Rule 219(c) is a matter within the discretion of the trial court, and a reviewing court will uphold the trial court's decision, absent an abuse of discretion. (*Wegman v. Pratt*

(1991), 219 Ill. App. 3d 883, 891, 579 N.E.2d 1035, 1041; *Palmer v. Minor* (1991), 211 Ill. App. 3d 1083, 1086, 570 N.E.2d 774, 776.) Pleadings may be stricken "only when the stricken pleadings bear some reasonable relationship to the information withheld." (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 197, 226 N.E.2d 6, 16.) The striking of an answer, thereby causing a default, is the most severe sanction a court can impose on a recalcitrant defendant, and such sanction is proper only in those cases where the actions of a party show deliberate, contumacious or unwarranted disregard of a court's authority. *Barnes v. Black & Decker Manufacturing Co.* (1984), 135 Ill. App. 3d 700, 706, 481 N.E.2d 1200, 1204.

■ A review of the record reveals that defendant had ample opportunity to comply with plaintiff's Rule 237(b) request but failed to do so. The court found this failure to produce the witnesses was willful and, accordingly, entered sanctions. The trial court did not abuse its discretion in entering sanctions. Although plaintiff did not depose Konzen and Boeschenstein, there was sufficient evidence in the record of the information plaintiff expected to elicit to support a finding that Konzen and Boeschenstein would have relevant information on these issues. (*Soto v. E.W. Bliss Division of Gulf & Western Manufacturing Co.* (1983), 116 Ill. App. 3d 880, 889, 452 N.E.2d 572, 579; *Oakview*, 61 Ill. App. 3d at 199, 378 N.E.2d at 547-48.) Although defendant asserted that Konzen and Boeschenstein did not possess any relevant information on the issue of causation, the record contains numerous documents to or from Konzen and Boeschenstein relating to potential health hazards of the plant's operations; the health status of production employees; asbestos levels and exposure at the plant; and current and future medical programs and activities, including instituting a respiratory program, arranging to have chest X rays monitored by outside consultants, conducting medical evaluations of selected employees' pulmonary status, and having individuals identified as having or possibly having asbestosis consult a chest specialist. This was sufficient information for the trial court to conclude that Konzen and Boeschenstein could have relevant information relating to this issue. Neither plaintiff nor the trial court was required to accept defendant's denials that Konzen and Boeschenstein knew anything.

■ Further, the trial court did not err in limiting defendant's evidence on the issue of damages. Defendant alleges that decedent left its employ 10 years before he died, and, therefore, Konzen would not have any information or personal knowledge regarding the impact of asbestosis on decedent's life expectancy. The record illustrates, however, that Konzen was involved with assessing the in-plant environ-

mental hazards and their effect on the employees, reviewing the medical conditions and examinations of employees relating to their exposure to asbestos, and establishing a medical procedure for examinations of employees suspected of having asbestosis. This evidence supports a finding that Konzen's testimony could relate to the issue of damages so that the court's holding limiting defendant's evidence on this issue was not an abuse of discretion.

■ Finally, we address whether the trial court erred in giving a negative inference instruction to the jury. Plaintiff's tendered jury instruction No. 7 was based on the Illinois Pattern Jury Instructions, Civil, No. 5.01 (Illinois Pattern Jury Instructions, Civil, No. 5.01 (3d ed. 1989) (hereinafter IPI Civil 3d)). Plaintiff offered this instruction because he was unable to rebut Demopolous' testimony with Konzen's. Defendant argues the trial court erred in giving this instruction because Konzen could not offer any relevant information on the impact of decedent's renal failure on his life expectancy. This contention is also without merit.

IPI Civil 3d No. 5.01 instructs that where a party fails to produce a witness within its power to produce, the jury may infer that the testimony of the witness would be adverse to that party. The adverse inference is available when (1) the witness was under the control of the party to be charged and could have been produced by reasonable diligence, (2) the witness was not equally available to the adverse party, (3) a reasonably prudent person under the same or similar circumstances would have produced the witness if he believed the testimony would be favorable to him, and (4) no reasonable excuse for the failure to produce the witness has been shown. (*Lewis v. Cotton Belt Route—St. Louis Southwestern Ry. Co.* (1991), 217 Ill. App. 3d 94, 108-09, 576 N.E.2d 918, 930.) The court allowed the instruction by reasoning that Konzen was under defendant's legal control and not equally available to plaintiff.

The giving of IPI Civil 3d No. 5.01 is within the sound discretion of the trial court, and a court of review should reverse only when a clear abuse of discretion appears from the record. (*Betts v. Manville Personal Injury Settlement Trust* (1992), 225 Ill. App. 3d 882, 901, 588 N.E.2d 1193, 1205; *Thompson v. Abbott Laboratories* (1990), 193 Ill. App. 3d 188, 201-02, 549 N.E.2d 1295, 1304; *Tonarelli v. Gibbons* (1984), 121 Ill. App. 3d 1042, 1046-47, 460 N.E.2d 464, 468.) Before giving the instruction, the trial court must first determine whether, in all likelihood, the party would have produced the witness under the facts and circumstances of the case unless the testimony would be unfavorable. (*Thompson*, 193 Ill. App. 3d at 202, 549 N.E.2d at 1304;

*Tonarelli*, 121 Ill. App. 3d at 1047, 460 N.E.2d at 468.) Where a witness who has knowledge of the facts and is accessible to a party is not called by a party, a presumption arises that his testimony would be adverse to that party and an instruction could or should be given to that effect upon request. (*Tonarelli*, 121 Ill. App. 3d at 1047, 460 N.E.2d at 468.) The instruction is not warranted, however, when the unproduced witness' testimony would be merely cumulative. *Chuhak v. Chicago Transit Authority* (1987), 152 Ill. App. 3d 480, 489, 504 N.E.2d 875, 881; *Thompson*, 193 Ill. App. 3d at 202, 549 N.E.2d at 1304.

■■ Assuming *arguendo* an error occurred, an error in instructing the jury must have resulted in prejudice to the appealing party for a reversal to be warranted. (*Brazier v. Kontos* (1987), 160 Ill. App. 3d 177, 184, 513 N.E.2d 152, 157; *Villa v. Crown Cork & Seal Co.* (1990), 202 Ill. App. 3d 1082, 1088, 560 N.E.2d 969, 973; *Kohutko v. Four Columns, Ltd.* (1986), 148 Ill. App. 3d 181, 188-89, 498 N.E.2d 522, 527.) Defendant merely asserts in its brief that "prejudicial error" occurred; it provides no discussion. It is unclear from the record whether the jury in fact found these four factors existed warranting a negative inference to be drawn from the fact that defendant failed to produce Konzen, or took this into consideration when determining damages. Even if the trial court abused its discretion in giving the instruction, no prejudice has been shown. Consequently, any alleged error in instructing the jury does not warrant reversal.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.