JOEL FELDMAN et al., Plaintiffs-Appellees and Cross-Appellants, v. THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Defendant-Appellant and Cross-Appellee.

Fifth District   No. 81—382

Opinion filed August 5, 1982.

Shari R. Rhode and Thomas P. Polityka, both of Office of Legal Counsel, Southern Illinois University, of Carbondale, for appellant.

Gilbert Feldman, of Cornfield and Feldman, of Chicago, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiffs-appellees are four faculty members employed by defendant-appellant, Southern Illinois University at Carbondale. Each of the plaintiffs received an unspecified number of parking citations for violating the University's Motor Vehicle and Bicycle Regulations. Those regulations specify a period of time for appeal of such citations, which period had elapsed prior to the instant trial.

The record establishes that each plaintiff was notified in writing that the sum each plaintiff owed because of these citations would be deducted from his salary. Subsequently, such amounts were withheld from the salary check of each plaintiff. The amounts withheld ranged from $153 to $235. Plaintiffs thereafter brought the instant suit seeking a declaratory judgment that the deductions were illegal. They also sought a money judgment in the amounts withheld. Defendant counterclaimed for a declaratory judgment that it legally withheld those sums, and it sought a money judgment in the amount withheld. All parties moved for summary judgment, and the court entered an order providing that: (1) a declaratory judgment be entered that, in absence of a specific written authorization signed by each plaintiff, defendant had no authority to withhold the sums in question; (2) defendant be permanently enjoined from further payroll deductions based on the parking violation sanctions without plaintiffs' specific written authorization or a court order; and (3) money judgment be entered for defendant in the amount sought on its counterclaim. All parties have appealed those portions of that judgment which were adverse to

them. An agreed statement of facts has been filed in this court as provided by Supreme Court Rule 323(d) (73 Ill. 2d R. 323(d)).

█ On the reverse side of the "Notice of Appointment" for each plaintiff is listed certain conditions of employment. They include the following:

"Employment is governed by the laws of Illinois and the Statutes of the Board of Trustees, which laws and Statutes are part of this agreement as if set out in full herein."

Section 7—101B of the Motor Vehicle and Bicycle Regulations of Southern Illinois University provides that anyone who fails to pursue an appeal from the receipt of a citation for a parking violation shall be subject to the monetary use charges provided in the regulations. Section 6—105A of the regulations provides:

"Notwithstanding any provisions of these regulations, any person who is an employee of the University or the State of Illinois, who fails to pay a monetary use charge as set forth in these regulations will be subject to having such monetary charge owed to the University deducted from the sums due to such employee from the University or the State."

The regulations further provide for a three-tiered appeal process for parking violation citations. The first level of review is to a hearing officer, who is responsible for establishing his own hearing procedure subject to approval by university legal counsel. Persons seeking review are to receive a written copy of those procedures upon application for review. A person objecting to the determination of the hearing officer may appeal to the five-member Traffic Appeals Board, which also is to set up its own procedures subject to approval by university legal counsel. The decision of the Traffic Appeals Board is appealable to the president of the university "and" defendant Board of Trustees. In this regard, we find no indication of record as to the procedures established by the hearing officer or the Traffic Appeals Board; however, because plaintiffs have failed to date to voice any objection as to the absence of such hearing procedures of the hearing officer and Traffic Appeals Board, they have waived any such objection.

It is not disputed that summary judgment should be rendered only if the pleadings, depositions, affidavits and admissions on file show that there was no genuine issue as to any material fact and that the movant was entitled to judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3).) This court's view of summary judgment as expressed in *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105, is as follows:

" 'The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon. [Citation.] If the pleadings, discovery depositions and exhibits, present a genuine issue as to any material fact, summary judgment should not be granted. [Citation.] The right of the moving party to summary judgment must be free from doubt. [Citation.]' " 112 Ill. App. 2d 234, 238, 251 N.E.2d 105, 106.

We consider first defendant's appeal from the summary judgment entered by the trial court in favor of plaintiffs. On appeal, defendant argues that the trial court erred in entering summary judgment for plaintiffs based upon the court's finding that the employment contract, incorporating the parking regulations, was not sufficient authorization for withholding the sums in question. Defendant maintains that plaintiffs contractually authorized such withholding and that the trial court erred in determining that a separate signed withholding authorization was required. Plaintiffs, conceding that the contracts purport to authorize the withholding, argue that the trial court's conclusion that the withholding was not authorized was proper because defendant failed to comply with the State Salary and Annuity Withholding Act (Ill. Rev. Stat. 1979, ch. 127, par. 351 *et seq.*) (hereinafter referred to as the Act).

Section 3 of the Act states that whenever an "Office" (elsewhere defined to include defendant) is authorized in writing by a State employee to withhold a specified portion of such employee's salary for a designated period of time for any one or more of the purposes specified in section 4 of the Act, such "Office" shall withhold from such employee's salary for each pay period the amount specified in the authorization during the period of time designated. (Ill. Rev. Stat. 1979, ch. 127, par. 353.) Section 4 of the Act states that an employee may authorize the withholding of a portion of his salary, *inter alia*, "for payment to or for the benefit of an institution of higher education by an employee of that institution." (Ill. Rev. Stat. 1979, ch. 127, par. 354(6).) Section 5 requires each "Office" to provide employees with withholding forms designated by the state comptroller. (Ill. Rev. Stat. 1979, ch. 127, par. 355.) Section 9 provides for termination of the withholding authorization upon termination of employment, upon expiration of the time designated, when the total amount authorized has been withheld, or upon written notice by the employee of cancellation. (Ill. Rev. Stat. 1979, ch. 127, par. 359.) Section 10 states that each "Office" shall promulgate reasonable rules deemed necessary for the administration of the Act. Ill. Rev. Stat. 1979, ch. 127, par. 360.

■ Plaintiffs argue that there was no written authorization by plaintiffs, as required by section 3 of the Act, for the sums withheld by defendant to be deducted from their salaries. We note, however, that section 3 does not purport to specify the form of writing required. It appears to be sufficient that the instant written contracts purport to authorize the withholding in question by incorporating the parking regulations providing for such withholding. Plaintiffs maintain that a separate signed authorization is required under *Brooks v. Board of Trustees* (1980), 90 Ill. App. 3d 591, 413 N.E.2d 513. However, the court in *Brooks* stated that the "authorization" consisted of a portion of

> "plaintiff's employment contract which provides in relevant part:
>> 'I authorize the University of Illinois to deliver my paycheck in the manner indicated above, and agree that the University may withhold a sufficient amount to cover obligations which may be due or become due the University whether by contract, lease, under its rules and regulations, or otherwise.' "
> (90 Ill. App. 3d 591, 592, 413 N.E.2d 513, 514.)

This is an apparent reference to a contract containing an express authorization, not a "separate" authorization. Further, while the nature of the written authorization was the subject of comment in *Brooks*, its sufficiency was not at issue there. Any comment regarding the sufficiency of the authorization, therefore, is dictum.

■ Plaintiffs argue that none of the stated purposes of section 4 of the Act "even remotely" encompasses the deductions in question. However, purpose (6) (Ill. Rev. Stat. 1979, ch. 127, par. 354(6)) expressly encompasses payroll deductions "for payment to or for the benefit of" universities and does not purport to limit the reasons for which such deductions may be made. As stated by the court in *Brooks*, "[T]he university is expressly authorized to withhold monies from an employee by the State Salary and Annuity Withholding Act (Ill. Rev. Stat. 1979, ch. 127, par. 354)." 90 Ill. App. 3d 591, 592, 413 N.E.2d 513, 514.

■ Plaintiffs argue that the promulgation of rules or regulations is required under section 10 of the Act; however, plaintiffs do not suggest any particular rules that should have been promulgated. We conclude, therefore, that under the provisions of this section, defendant need not have promulgated any rules if it deemed that none were necessary.

Plaintiffs urge that they were not provided with, and did not execute, withholding authorization forms as required under section 5 of

the Act. Such a form would presumably set forth the information required under section 3, *i.e.*, the amount withheld, the purpose therefor, and the period of time designated. Obviously, the amount and the period of time could not be set forth in advance for parking violation assessments. A form designed to set forth that information could only be meaningful if the employee filled it out after the liability arose or if the employee signed the authorization without inserting the amount at the time he accepted his appointment. The former alternative would not be practicable since it could only arise where an employee had maintained a course of conduct of refusal to comply. The latter alternative would not provide the employee more protection than the procedure adopted by defendant in the instant case because in either event defendant would be required to decide whether and how much to withhold. Regardless, the authoriztion to withhold from the employee's salary in *Brooks* was approved by the court, and it did not contain the specificity plaintiffs contend was required by section 5 of the Act.

■■ ■ Although the framework of the Act is not easily applied to involuntary deductions such as in the case at bar, we are not persuaded that for that reason the instant deductions must fail. We do not consider section 5 or any other section of the Act to invalidate deductions for which a proper withholding form is not practicable. Additionally, we agree with defendant that the Act is not the sole source of authority for making payroll deductions from defendant's employees. In this regard, the Act does not expressly state that it is the sole source of such authority. Further, we note that there are purposes not listed in section 4 for which deductions obviously could be made, including Federal and State income taxes.

We find the instant facts distinguishable from *Donow v. Board of Trustees* (1974), 21 Ill. App. 3d 139, 146, 314 N.E.2d 704, 709. In *Donow* this court stated that its examination disclosed that "nowhere in the creating statutes, in the regulations, or in the appointing papers is there any specific grant of authority given to the Board to authorize such deductions as were made here." The instant plaintiffs' notices of appointment expressly incorporate the regulations, which specifically provide that any unpaid charge under the regulations may be deducted from the employee's paycheck.

Plaintiffs urge that the instant parking violation fine provisions are unenforceable penalty provisions. Plaintiffs argue that defendant is estopped from contending otherwise by reason of this court's decision in *Donow*, in which it was held that defendant's parking violation provisions constituted an unenforceable penalty under the employ-

ment contracts. We note that changes have been made in those provisions and that they now provide for fines in specific amounts, whereas in *Donow* those amounts were determined by a parking division officer. For this reason, we need not further consider plaintiffs' estoppel contention. However, it is noteworthy in this regard that defendant asserts that changes were made in the regulations for the specific purpose of correcting the shortcomings therein found to exist by this court in *Donow*. Defendant's intentions in revising the regulations are of no consequence in this appeal; however, the changes which have been made in the regulations since *Donow* render that decision of little practical benefit in deciding the case at bar.

Plaintiffs contend further that the alleged contract contained in their notice of employment provides for an unenforceable penalty. This argument is based on the contention that plaintiffs consider the general procedure established as giving defendant the unbridled authority to assess a financial charge against them without their having the benefit of a determination as to their guilt or responsibility and the amount to be ultimately withheld from their salaries. Thus, plaintiffs contend that the administrative appeal process set forth in the regulations, and incorporated into the contracts by reference, was inadequate to adjudicate such claims. However, in this regard, the record in the instant case does not support the proposition that these procedures were inadequate, because: (1) plaintiffs failed to pursue these procedures, and (2) the procedures of the hearing officer and the Traffic Appeal Board are not set forth of record and, therefore, are not before us.

In this state of the record, any claim by plaintiffs that the procedure established provided for an unenforceable penalty or that the assessments were excessive is waived. This follows from our conclusion that plaintiffs have waived any claim that the appeals system set forth in the regulations did not afford due process of law. (See *Brooks v. Board of Trustees* (1980), 90 Ill. App. 3d 591, 592, 413 N.E.2d 513, 514.) Due process requires only notice and an opportunity to be heard at an appropriate time in a proceeding. (*First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 438, 202 N.E.2d 26, 30.) The general rule is that it is the duty of a person, whenever he regards his constitutional rights to have been invaded, to raise an objection at the earliest fair opportunity, and the failure to do so amounts to a waiver of the right. (*Angelini v. Snow* (1978), 58 Ill. App. 3d 116, 118, 374 N.E.2d 215, 217.) A court will determine the validity of a statute or ordinance only in light of the factual background presented by the record. (*Village of Itasca v. Luehring* (1954), 4 Ill. 2d 426, 430, 123

N.E.2d 312, 314.) Plaintiffs having failed to pursue the appeal process, we must assume that procedure to be sufficient and fair rather than speculate to the contrary. Plaintiffs having chosen to bypass that system, we conclude that they have also waived the issues they could have adjudicated within that system, *i.e.*, their "guilt" and the reasonableness of the amounts of the assessments against them. Regarding the reasonableness of the amounts of the assessments, we note that the absolute amounts of the assessments provided for in the instant case are sufficiently small that, if they do in fact exceed actual damages, that excess is not manifestly apparent. These assessments are "not, *on the face of the contract*, out of all proportion to the probable loss \*\*\*." (*Sun Printing & Publishing Association v. Moore* (1902), 183 U.S. 642, 668-69, 46 L. Ed. 366, 380, 22 S. Ct. 240, 251.) Therefore, we conclude that the trial court was correct in rejecting plaintiffs' "penalty" argument as a basis for granting a summary judgment in plaintiffs' favor.

■ For the reasons stated above, we conclude that defendant had contractual authority to make the deductions complained of and was not barred from doing so by statute. Therefore, we reverse the judgment of the trial court granting plaintiffs' motion for summary judgment on their declaratory judgment suit and enter summary judgment for defendant on its counterclaim for declaratory judgment, pursuant to our authority under Supreme Court Rule 366(a)(5) (91 Ill. 2d R. 366(a)(5)).

■ Finally, we consider plaintiffs' appeal from summary judgment for defendant on defendant's counterclaim for a money judgment for the amount alleged to be due it from plaintiffs. The record indicates that defendant has already deducted the sums in question from plaintiffs' salaries; we find nothing in the record or in the assertions of the parties to indicate that defendant has returned those sums to plaintiffs. Because we have determined that plaintiffs are not entitled to judgment in the amount of those sums on their claims and because defendant already has received what it seeks, defendant is not entitled to further judgment. Therefore, we vacate judgment for defendant on its counterclaim for a money judgment against plaintiffs, pursuant to our authority under Supreme Court Rule 366(a)(5) (91 Ill. 2d R. 366(a)(5)).

Judgment reversed in part and vacated in part.

JONES and HARRISON, JJ., concur.