NOTICE
Decision filed 10/02/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 220064-U

NO. 5-22-0064

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| GLENNON J. HOLTMANN and KIMBERLY S. HOLTMANN, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 13-L-122 |
| CITIZENS COMMUNITY BANK, | ) ) | Honorable William D. Stiehl, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the judgment of the circuit court granting judgment as a matter of law in favor of the defendant where the plaintiffs failed to provide evidence of actual damages.

¶ 2 On March 4, 2013, the plaintiffs, Glennon and Kimberly Holtmann, filed a complaint in the circuit court of St. Clair County, alleging that the defendant, Citizens Community Bank, made a false statement to a credit reporting agency that resulted in damages to the plaintiffs. The circuit court granted partial summary judgment on January 8, 2021, and summary judgment as to the remaining counts on January 7, 2022. For the following reasons, we affirm the judgment of the circuit court.

1

## I. BACKGROUND

¶ 4 The plaintiffs filed an initial complaint on March 4, 2013, and a first amended complaint on July 30, 2013. The plaintiffs' second amended complaint was filed on March 12, 2014. The second amended complaint contained counts of defamation and libel (I and II); violations of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2014)) (III and IV); common law negligence (V and VI); willful and wanton misconduct (VII and VIII); breach of fiduciary duty (IX and X); and, constructive fraud (XI and XII).

¶ 5 According to the second amended complaint, the defendant furnished a false statement to a credit reporting agency that a "charge off" in the amount of $14,165 was due to the defendant from the plaintiffs, but that no such amount was owed by the plaintiffs. The second amended complaint also alleged that the defendant's loan officer provided a misrepresentation that it was the plaintiffs' bankruptcy that had caused the plaintiffs' low credit score. Due to the false report to the credit reporting agency and the misrepresentation of the cause of the plaintiffs' low credit score, the second amended complaint alleged that the plaintiffs were denied personal and commercial business loans at other lending institutions or, when able to obtain the loan, only obtain the loan at a higher-than-normal interest rate.

¶ 6 Additionally, the plaintiffs alleged that they were forced to continually renew their home mortgage with the defendant at a high interest rate because of their low credit score that was caused by the defendant's false information. As such, the second amended complaint alleged that the plaintiffs "suffered damage to their credit reputation, interference with their credit expectancy and a substantial loss of income and opportunity."

¶ 7    The defendant filed a motion for summary judgment on June 9, 2020. The circuit court issued a written order on January 8, 2021, granting judgment as a matter of law on counts I, II, V, VI, VII, VIII, IX, and X. Partial summary judgment was granted with regard to counts III and IV, and summary judgment was denied on counts XI and XII.

¶ 8    The defendant filed a subsequent motion for summary judgment as to all remaining issues on October 5, 2021. The circuit court issued a written order on January 7, 2022, granting the defendant's motion. As to counts III and IV, which alleged violations of the Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2014)), the circuit court noted that, due to the plaintiffs' expert on damages having died, it had permitted the plaintiffs additional time to retain another expert, but that the plaintiffs had failed to do so. The circuit court acknowledged that an expert was not required, but further noted that the plaintiffs were still required to "present some evidence of actual damages." The circuit court found that there was no evidence that the plaintiffs had suffered economic damages as the result of an act by the defendant. Therefore, the circuit court found that the defendant was entitled to judgment as a matter of law as to counts III and IV.

¶ 9    Concerning counts XI and XII, which alleged constructive fraud, the circuit court found that there was no evidence of a fiduciary relationship between the plaintiffs and the defendant's loan officer. It further found that "there is simply no evidence that Plaintiffs suffered damages as the result of Defendant's misrepresentation." The circuit court then found that the defendant was entitled to judgment as a matter of law as to counts XI and XII.

¶ 10    Accordingly, the circuit court entered judgment in favor of the defendant and against the plaintiffs as to counts III, IV, XI, and XII. The plaintiffs filed a timely notice of appeal and now appeals the circuit court's judgment of January 7, 2022.

3

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, the plaintiffs do not allege any error with regard to the circuit court's judgment of January 8, 2021, granting summary judgment as to counts I, II, V, VI, VII, VIII, IX, X, and partial summary judgment as to counts III and IV. Instead, the plaintiffs challenge the circuit court's order of January 7, 2022, granting summary judgment with regard to counts III, IV, XI, and XII. The plaintiffs argue that the circuit court erred in granting summary judgment on counts III and IV, where there is a genuine issue of material fact regarding whether the plaintiffs suffered economic or noneconomic damages. The plaintiffs also argue that the circuit court erred in granting summary judgment regarding counts XI and XII, where there is a genuine issue of material facts regarding whether a fiduciary relationship existed between the plaintiffs and the defendant's loan officer, and whether the plaintiffs suffered any damages as a result of the defendant's alleged misrepresentations.

¶ 13    We review the grant of summary judgment *de novo*. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). A *de novo* review entails performing the same analysis that a circuit court would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). "That is, we accept all well-pleaded facts in the complaint as true while disregarding legal or factual conclusions unsupported by allegations of fact." *Id.* We further draw any inferences in the plaintiff's favor whenever it would be reasonably defensible to do so. *Id.*

¶ 14    A motion for summary judgment is properly granted only where the pleadings, depositions, admissions, and affidavits establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022); *Herman v. Power Maintenance & Constructors, LLC*, 388 Ill. App. 3d 352, 359-60 (2009). "In determining whether a genuine issue as to any material fact exists, a court must construe the

4

pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Adams*, 211 Ill. 2d at 43. A material fact is one that might affect the outcome of the case under the applicable substantive law. *GreenPoint Mortgage Funding, Inc. v. Hirt*, 2018 IL App (1st) 170921, ¶ 17.

¶ 15    Summary judgment should not be entered where material facts are disputed, or where the material facts are undisputed but reasonable persons might draw divergent inferences from those facts. *Adams*, 211 Ill. 2d at 43. A defendant moving for summary judgment, as is the case here, may meet the initial burden of production either by affirmatively showing that some element of the case must be resolved in the defendant's favor or by demonstrating the absence of evidence supporting the plaintiff's position on one or more elements of the cause of action. *Hutchcraft v. Independent Mechanical Industries, Inc.*, 312 Ill. App. 3d 351, 355 (2000).

¶ 16                          A. Counts III and IV

¶ 17    The plaintiffs first argue that the circuit court erred in granting summary judgment as to counts III and IV because the circuit court misapplied the holding in *Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 235 Ill. App. 3d 70 (1992), to its analysis of whether noneconomic damages may support a claim under the Consumer Fraud Act. The plaintiffs argued that the finding in *Roche*, which stated that "the trial court did not err in awarding plaintiff damages under the Consumer Fraud Act in the amount of $750 for aggravation and inconvenience" (*id.* at 86), stands for the proposition that a plaintiff may succeed on a Consumer Fraud Act claim by presenting only noneconomic damages.

¶ 18    The plaintiff is correct that the *Roche* court upheld an award of noneconomic damages for "aggravation and inconvenience" under the Consumer Fraud Act; however, the *Roche* court only did so where they were part of a total award that included actual economic damages. *Id.* at 85-86.

5

The Consumer Fraud Act allows "[a]ny person who suffers actual damage" as a result of a violation of the Consumer Fraud Act to bring an action against the person who committed the violation. 815 ILCS 505/10a(a) (West 2022). In the context of the Consumer Fraud Act, "actual damage" means that the plaintiff must have suffered actual pecuniary loss. *Payne v. PNC Bank, National Ass'n*, 2024 IL App (1st) 230765-U, ¶ 26. Although the Consumer Fraud Act does allow the circuit court to award "any other relief which [it] deems proper" in addition to actual economic damages, such equitable relief cannot be raised absent actual damages. *Id.* ¶ 28. As the court in *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009), stated, actual damages must be calculable and measured by the plaintiff's loss and the "failure to allege specific, actual damages precludes a claim brought under the Consumer Fraud Act."

¶ 19    In its written order, the circuit court stated that "[t]here is no indication that the issue of whether non-economic damages may support a claim under the Act was ever raised in [*Roche*]." We agree. Although the reviewing court in *Roche* did uphold an award of noneconomic damages, it did not address whether noneconomic damages alone could support a claim under the Consumer Fraud Act. As such, we do not find that the circuit court misapplied *Roche* in its analysis of counts III and IV.

¶ 20    The plaintiffs also argue that there are two material facts that may draw different inference from reasonable persons that precluded summary judgment as to counts III and IV. Those facts are whether the plaintiffs suffered (1) economic or (2) noneconomic damages because of the defendant's alleged violation of the Consumer Fraud Act. As previously stated, the failure to allege specific economic damages precludes a claim brough pursuant to the Consumer Fraud Act. *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 41. In responding to a motion for summary judgment, "[a] plaintiff has an affirmative duty to bring forth all facts and evidence that satisfy his burden of

6

proving the existence of a cognizable cause of action." *Holland v. Arthur Andersen & Co.*, 212 Ill. App. 3d 645, 652 (1991).

¶ 21    Here, the plaintiffs have failed to provide any support for a central and necessary element of their claims. A reasonable person could not draw divergent inferences regarding damages since the plaintiffs did not plead or provide evidence of any specific, economic damage or a basis to calculate any such damage. Instead, they rely on a conclusory assertion that they suffered "substantial loss of income and opportunity" without providing any factual information regarding the amount of lost income, the value of any specific loss of opportunity, or a reasonable basis for computation of those damages, even though the circuit court allowed them an extended opportunity to do so. In responding to the defendant's motion for summary judgment, the plaintiffs simply stated that they intend to "disclose both expert witness and opinion witnesses as to liability and damages," although the time for such disclosures had expired. As such, we find that the plaintiffs failed to provide evidence regarding the element of actual damages for a cause of action under the Consumer Fraud Act. Without any actual economic damages, any claim for noneconomic damages must also fail. Accordingly, we do not that the circuit court erred in granting judgment as a matter of law in favor of the defendant on counts III and IV.

¶ 22                         B. Counts XI and XII

¶ 23    Next, the plaintiffs state that the circuit court erred in granting summary judgment as to counts XI and XII. The plaintiffs argue that there are genuine issues of material facts of (1) whether a fiduciary relationship existed between the plaintiff, Glennon Holtmann, and the defendant's loan officer, and (2) whether the plaintiffs suffered any damages because of the defendant's alleged misrepresentation. As previously stated, in responding to a motion for summary judgment, "[a]

7

plaintiff has an affirmative duty to bring forth all facts and evidence that satisfy his burden of proving the existence of a cognizable cause of action." *Holland*, 212 Ill. App. 3d at 652.

¶ 24    The elements of a constructive fraud claim are: "(1) a fiduciary relationship; (2) a breach of the duties that are imposed as a matter of law because of that relationship; and (3) damages." *Kovac v. Barron*, 2014 IL App (2d) 121100, ¶ 64. Here again, a plaintiff must establish the element of damages in order to state a claim of constructive fraud. Although the amount of damages is not required to be absolutely certain, there still must be evidence to show a basis for the computation of damages with a fair degree of probability. *La Salle National Trust, N.A. v. Board of Directors of the 1100 Lake Shore Drive Condominium*, 287 Ill. App. 3d 449, 457 (1997).

¶ 25    The damages alleged in counts XI and XII are the same damages alleged with regard to counts III and IV, *i.e.*, "damage to his credit reputation, interference with his credit expectancy and a substantial loss of income and opportunity." We have already determined, in our analysis of counts III and IV, above, that such conclusory assertions as a "substantial loss of income and opportunity," without providing any factual information regarding the amount of lost income, the value of any specific loss of opportunity, or reasonable basis for a computation of those damages, are insufficient to demonstrate actual damages. Accordingly, we find no error in the circuit court's granting judgment as a matter of law in favor of the defendant on counts XI and XII. Because we have found that the circuit court properly granted summary judgment on counts III, IV, XI, and XII, based on the plaintiffs' failure to demonstrate any actual damages, this court need not address any other issue raised on appeal.

8

¶ 26                                    III. CONCLUSION

¶ 27    Based on the above, we affirm the January 7, 2022, judgment of the circuit court of St.

Clair County, granting judgment as a matter of law in favor of the defendant as to counts III, IV,

XI, and XII.

¶ 28    Affirmed.